**Affirmed and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01061-CR

### DARRELL DEWAYNE SNEED, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F11-60730-Y

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

A jury convicted Darrell Dewayne Sneed of burglary of a habitation, and the trial court assessed punishment at thirty years in prison. In two issues, appellant challenges the legal sufficiency of the evidence to support his conviction and the assessment of court costs. We affirm.

Tamika Coffee and appellant began dating in September 2010. By the fall of 2011, Coffee wanted to end the relationship. On October 6, appellant came to her house uninvited and knocked on the door for several minutes. Coffee did not answer the door. Appellant left and then called Coffee on her cell phone. She did not answer. An hour later, appellant returned to Coffee's home and again began knocking on her door. Coffee had a bag containing personal items that appellant had previously left at her house. Thinking he might want his belongings,

Coffee grabbed the bag and opened the door "about a foot" so that she could hand it to him. Appellant said he wanted to talk, but Coffee told him it was over and she did not want anything else to do with him. When she noticed appellant looking past her into her house, she opened the door "about another foot" so that he could see no one was with her and understand she just did not "want" him anymore. When Coffee tried to close the door, appellant had placed his foot in the doorway. She told appellant to move his foot, but he "stood there solid." When she told him again, she said he made a motion to "like, step on in" and she tried to push him out. The two struggled over the door, and as appellant tried to push it open, the door hit Coffee in the head and injured her. (Photographs depicting the injury were admitted into evidence.) Coffee said she pushed appellant as hard as she could, which caused him to lift his foot, and Coffee was able to slam the door and lock it.

After locking the door, Coffee said she heard nothing. She looked out her front window, but did not see appellant. She was worried he might try to break in the back, so she got her weapon, a 32-caliber revolver, and checked the back. She did not see appellant there. She then went outside to check a vehicle in the front and saw appellant walking toward the highway and away from her home. At the same time, her phone rang. Coffee answered, and appellant said he wanted to talk to her. Coffee told him to leave her alone. Appellant immediately turned around and started walking toward her home at a "speedy pace." Coffee called 911. While she was on the front porch talking with the police dispatcher, appellant approached from a blind spot and attacked her. Coffee pulled the trigger on her gun twice, and he backed away. When appellant rushed her again, she fired twice more.

In his first issue, appellant complains the trial court erred by denying his motion for directed verdict because there is "no evidence he entered the habitation with the intent to commit

assault." Instead, he argues, the evidence shows that he wanted to talk with Coffee and "was trying to look inside the residence to ascertain if anyone else was present."

A complaint about the denial of a motion for directed verdict is treated the same as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Evidence is legally sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits burglary if, without the effective consent of the owner, he (1) enters a habitation, or a building not then open to the public, with intent to commit a felony, theft, or an assault; or (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1–3) (West 2011). Habitation is defined as "a structure . . . that is adapted for the overnight accommodation of persons and includes (A) each separately secured or occupied portion of the structure . . . and (B) each structure appurtenant to or connected with the structure . . . ." *Id.* § 30.01(1)(A), (B). Enter is defined as to intrude "any part of the body" or "any physical object connected with the body." *Id.* § 30.02(b).

In this case, the indictment alleged appellant entered Coffee's habitation without her consent and committed assault causing bodily injury/family violence enhanced, a violation of subsection (3). *See id.* § 30.02(a)(3). The application paragraph of the jury charge tracked the

language of the indictment.[1] The basis of appellant's complaint, however, is that the evidence was not sufficient to prove he entered the residence with the intent to commit assault, which is a violation under section 30.02(a)(1). While the intent to commit a felony or theft must exist at the moment of the entry under subsection (a)(1), the attempted or completed theft or felony required by subsection (a)(3) "supplants the specific intent which accompanies entry in §§ 30.02(a)(1) and (2)[.]" *See DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988). Because appellant was not charged under subsection (a)(1), the State was not required to prove that appellant intended to commit an assault at the time he entered the residence. *See id.* & n.4. Rather, the State had to prove appellant entered Coffee's habitation without her consent and assaulted her.

Viewed in the light most favorable to the verdict, the evidence showed appellant went to Coffee's house uninvited, knocked on the door for several minutes, and left when she would not answer. He returned an hour later, again knocking, and Coffee opened the door to give him property he had left at her house. She told appellant their relationship was over. When she tried to close the door, he intruded a part of his body, his foot, into the habitation by placing it in the doorway. As appellant pushed on the door to open it further, the door hit Coffee in the head and caused her bodily injury. From these facts, a rational jury could have found, beyond a reasonable doubt, that appellant intentionally or knowingly entered Coffee's habitation without her consent and committed assault causing bodily injury/family violence enhanced. We overrule the first issue.

In his second issue, appellant contends the evidence is insufficient to support the trial court's assessment of court costs in the judgment because the clerk's record does not contain a bill of costs. A supplemental clerk's record was filed, prior to the filing of appellant's brief,

---

[1] We note that the jury charge referred to the offense as "burglary of a habitation with intent to commit felony assault/family violence enhanced." The application paragraph, however, correctly set out the elements of subsection (a)(3) and tracked the language of the indictment.

containing the bill of costs.  Appellant raises no other complaint.  We overrule the second issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
121061F.U05

/Molly Francis/

MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DARRELL DEWAYNE SNEED, Appellant

No. 05-12-01061-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-60730-Y.
Opinion delivered by Justice Francis;
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 30, 2014.